1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   HARRY LLOYD HOWARD,

11              Plaintiff,                    No. 2:12-cv-1336 GGH P

12        vs.

13   BARBARA WHITSON, et al.,

14              Defendants.                   <u>ORDER</u>

15   _____/

16              Plaintiff is a state prisoner proceeding pro se.  He appears to seek relief pursuant

17   to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in

18   forma pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28

19   U.S.C. § 636(b)(1).  This case is before the undersigned pursuant to plaintiff's consent.  Doc. 4.

20              Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22              The court is required to screen complaints brought by prisoners seeking relief

23   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

24   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

25   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

26   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

1

1   U.S.C. § 1915A(b)(1),(2).

2          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

3   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

4   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

5   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

6   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

7   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

8   Cir. 1989); Franklin, 745 F.2d at 1227.

9          A complaint must contain more than a "formulaic recitation of the elements of a

10  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

11  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

12  "The pleading must contain something more...than...a statement of facts that merely creates a

13  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

14  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).   "[A] complaint must contain sufficient

15  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

16  v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting Twombly, 550 U.S. at 570).  "A

17  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

18  the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

19         In reviewing a complaint under this standard, the court must accept as true the

20  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

21  738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,

22  and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.

23  1843 (1969).

24         Plaintiff states in his complaint that he is bringing a contract claim as the

25  defendants, CDCR guards and internal affairs investigators, failed to honor an oral contract.

26  Plaintiff's complaint describes how at the behest of internal affairs investigators plaintiff aided in

1  the smuggling, selling and distribution of various contraband items in order to discover what

2  other inmates and staff were involved.  Plaintiff states he was told he would be released from

3  prison as the internal affairs investigators would speak to the parole board.  Plaintiff also lost

4  several thousand dollars as his family purchased cell phones to be smuggled into the prison.

5  Plaintiff states defendants have refused to honor the oral contract and he seeks money damages

6  and to be released from prison.

7          Assuming plaintiff's allegations are true, this fails to state a claim pursuant to 42

8  U.S.C. § 1983, nor would this present a viable claim for a writ of habeas corpus.  Section 1983

9  imposes two essential proof requirements upon a claimant: (1) that a person acting under color of

10  state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some

11  right, privilege, or immunity protected by the Constitution or laws of the United States.  See 42

12  U.S.C. § 1983; Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908 (1981), overruled on other

13  grounds by Daniels v. Williams, 474 U.S. 327, 328, 106 S.Ct. 662 (1986); Haygood v. Younger,

14  769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).  A "[s]ection 1983 based breach of contract claim

15  also fails as a matter of law.  'A contract dispute ... does not give rise to a cause of action under

16  section 1983.'"  Frenkel v. New York City Off-Track Betting Corp., 701 F.Supp.2d 544, 555

17  (S.D.N.Y. 2010) (quoting Costello v. Town of Fairfield, 811 F.2d 782, 784 (2d Cir. 1987).

18          Nor does it appear that any other theory would support federal jurisdiction for this

19  type of contract claim.  See Smith v. Corrections Corporation of America, 19 Fed. Appx. 318,

20  320 (6th Cir. 2001) (no claim as plaintiff relied on a contract rather than the constitution or any

21  federal law, therefore no federal question was presented under 28 U.S.C. 1331); Williams v.

22  Glover, 977 F.2d 597 (10th Cir. 1992) (a state law breach-of-contract claim does not implicate

23  any federally protected right, even when liberally construed).  Moreover, plaintiff has not met the

24  amount in controversy requirement for diversity jurisdiction under 28 U.S.C. 1332, nor has he

25  alleged diversity of the parties.

26  \\\\\

3

1        Plaintiff's complaint will be dismissed, but he will be granted one opportunity to

2    file an amended complaint, though the court doubts plaintiff's ability to present a federal claim.

3    No further amendments will be allowed.  Failure to file an amended complaint will result in this

4    action being dismissed.

5        The Civil Rights Act under which this action was filed provides as follows:

6            Every person who, under color of [state law] . . . subjects, or causes
                to be subjected, any citizen of the United States . . . to the

7            deprivation of any rights, privileges, or immunities secured by the
                Constitution . . . shall be liable to the party injured in an action at

8            law, suit in equity, or other proper proceeding for redress.

9    42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

10    actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

11    Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

12    (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

13    meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

14    omits to perform an act which he is legally required to do that causes the deprivation of which

15    complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

16        Moreover, supervisory personnel are generally not liable under § 1983 for the

17    actions of their employees under a theory of respondeat superior and, therefore, when a named

18    defendant holds a supervisorial position, the causal link between him and the claimed

19    constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

20    (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

21    941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

22    in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

23    Cir. 1982).

24        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

25    conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

26    Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's requests for leave to proceed in forma pauperis are granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

\\\\\
\\\\\
\\\\\
\\\\\
\\\\\

1         3.  The complaint is dismissed for the reasons discussed above, with leave to file

2  an amended complaint, within twenty-eight days from the date of service of this order.  Failure to

3  file an amended complaint will result in this action being dismissed.

4  DATED: August 13, 2012

5

6                           /s/ Gregory G. Hollows
                     UNITED STATES MAGISTRATE JUDGE

7  GGH: AB
    howa1336.b

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26