1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                   FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10

11    HARRY LLOYD HOWARD,

12              Plaintiff,                    No. 2:12-cv-1336 AC P

13        vs.

14    BARBARA WHITSON, et al.,

15              Defendants.                   ORDER

16    _____/

17              Plaintiff, a state prisoner, proceeds pro se and in forma pauperis in this action

18    seeking injunctive relief and money damages pursuant to 42 U.S.C. § 1983.  Plaintiff has

19    consented to the jurisdiction of the undersigned.  ECF No. 4.

20              On August 13, 2012, the court dismissed plaintiff's original complaint with leave

21    to amend, and advised plaintiff that no further amendments would be allowed.  ECF No. 8.  On

22    February 6, 2013, plaintiff filed his amended complaint.  ECF No. 19.  For the reasons outlined

23    below, the amended complaint will be dismissed without leave to amend.

24              *The Complaint*

25              Screening Requirements

26              The court is required to screen complaints brought by prisoners seeking relief

against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

§ 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

be granted, or that seek monetary relief from a defendant who is immune from such relief.  28

U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in

fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

indisputably meritless legal theory or where the factual contentions are clearly baseless.

Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d

639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a

cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading

must contain something more...than...a statement of facts that merely creates a suspicion [of] a

legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and

Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal,

556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged."  Id.

In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

2

1        Summary of the Complaint

2        Plaintiff alleges that between November 1, 2007 and February 18, 2010,

3    defendants essentially used him to obtain information about contraband coming into California

4    State Prison - Solano ("CSP-Solano").  ECF No. 19 at 2, 4-6.  Plaintiff, who is apparently

5    serving a term of 25 years to life (ECF No. 19 at 7), claims that he had an oral contract with

6    defendants Whitson and Middlebrooks for plaintiff's release in exchange for plaintiff's

7    cooperation.  Id. at 7.  Plaintiff alleges that, instead of being released, defendants stole his

8    property and issued disciplinary violations to plaintiff which have resulted in plaintiff's loss of

9    conduct credits, forcing him to serve an extra eight years.  Id. at 20-23.

10        Analysis

11        *Contract Claims*

12        Federal courts are courts of limited jurisdiction.  E.g., Kokkonen v. Guardian Life

13   Ins. Co. of America, 511 U.S. 375, 377 (1994).  They possess only that power authorized by

14   Constitution and statute.  Id.  For example, parties may litigate in this court cases involving a

15   federal question, such as a civil complaint alleging deprivation of federal constitutional rights by

16   a person acting under color of law (42 U.S.C. § 1983), or a habeas corpus petition alleging

17   custody, pursuant to a state court judgement, in violation of the federal constitution (28 U.S.C. §

18   2254).  See also Estelle v. McGuire, 502 U.S. 62, 71-72, 75 (1991) (error under state law is not a

19   basis for federal habeas relief unless error "so infused trial with unfairness as to deny due

20   process of law"); Bailey v. Hill, 599 F.3d 976, 984 (9th Cir. 2010) (federal courts lack

21   jurisdiction to adjudicate a challenge to a restitution order by a custodial state prisoner who does

22   not challenge the lawfulness of his custody under federal law); Sweaney v. Ada County, Idaho,

23   119 F.3d 1385, 1391 (9th Cir.1997), *quoting* Lovell v. Poway Unified Sch. Dist., 90 F.3d 367,

24   370 (9th Cir.1996) ("To the extent that the violation of a state law amounts to the deprivation of

25   a state-created interest that reaches beyond that guaranteed by the federal Constitution, [s]ection

26   1983 offers no redress." ).

3

1    In its prior order, the court noted that plaintiff's state law contract claims were not

2    colorable because the claims did not implicate any Constitutional or other federally-protected

3    right.  See ECF No. 8 at 3 (cases cited).  Plaintiff again attempts to raise this contract claim,

4    along with various other state law extortion and larceny claims, alleging that defendants' breach

5    has infringed his liberty interest.  See ECF No. 19 at 20-21.

6    However, plaintiff fails to offer any authority for his conclusory premise that the

7    alleged contract created a liberty interest.  See ECF No. 19 at 21.

8    Plaintiff also seeks to establish jurisdiction by alleging that defendants' breach

9    violated federal criminal law (18 U.S.C. §§ 871 and 1951); however, plaintiff has no standing to

10    prosecute defendants for any such violations.

11    As plaintiff has failed to establish that this federal court has jurisdiction to review

12    his claims that state actors breached their oral contract with him, he has failed to correct the

13    deficiency noted in the court's prior order.  Plaintiff's contract-based claims will accordingly be

14    dismissed without leave to amend.

15    *Property Claims*

16    Plaintiff alleges that various defendants took his property in violation of state and

17    federal criminal statutes, as well as of the Fourth, Fifth and Fourteenth Amendments.

18    Prisoners have no Fourth Amendment right of privacy in their cells.  See, e.g.,

19    Hudson v. Palmer, 468 U.S. 517, 525-28 (1984) ("A right of privacy in traditional Fourth

20    Amendment terms is fundamentally incompatible with the close and continual surveillance of

21    inmates and their cells required to ensure institutional security and internal order."); Seaton v.

22    Mayberg, 610 F.3d 530, 534 (9th Cir. 2010).

23    Also, where a prisoner alleges the deprivation of a liberty or property interest in

24    violation of the Fourteenth Amendment, caused by the unauthorized negligent or intentional

25    action of a prison official, the prisoner cannot state a constitutional claim where the state

26    provides an adequate post-deprivation remedy.  See, e.g., Hudson v. Palmer, 468 U.S. at 533.

4

1    California provides such a remedy for prisoners.  See Cal. Gov't Code §§ 810 et

2  seq.  See also Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994).

3    Assuming plaintiff's allegations concerning the removal of his property to be true,

4  he has failed to state a claim as a matter of law.  Plaintiff's property claims are accordingly not

5  colorable, and must be dismissed without leave to amend.

6    *Habeas Claims*

7    Plaintiff alleges that he was denied conduct credits, that he was placed in

8  administrative segregation without reason, and that his disciplinary reports were "stacked," all in

9  violation of his due process and liberty rights.  He additionally claims that the failure of

10  defendants to honor their oral contract has "cost" him eight years of freedom and liberty.

11    Federal law opens two main avenues to relief on complaints related to

12  imprisonment: a petition for habeas corpus, 28 U.S.C.  2254, and a complaint under the Civil

13  Rights Act of 1871, Rev. Stat.  1979, as amended, 42 U.S.C. § 1983.  Muhammad v. Close, 540

14  U.S. 749, 750 (2004) (per curiam).  Challenges to the validity of any confinement or to

15  particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411

16  U.S. 475, 500 (1973); requests for relief turning on circumstances of confinement may be

17  presented in a § 1983 action.  Muhammad v. Close, 540 U.S. at 750.  Some cases are hybrids,

18  with a prisoner seeking relief unavailable in habeas, notably damages, but on allegations that not

19  only support a claim for recompense, but imply the invalidity either of an underlying conviction

20  or of a particular ground for denying release short of serving the maximum term of confinement.

21  Id. at 750-51.

22    In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court

23  held that where success in a prisoner's §1983 damages action would implicitly question the

24  validity of conviction or duration of sentence, the litigant must first achieve favorable

25  termination of his available state, or federal habeas, opportunities to challenge the underlying

26  conviction or sentence.  See Muhammad v. Close, 540 U.S. at 751.  Accordingly, in Edwards v.

5

1  Balisok, 520 U.S. 641 (1997), the Supreme Court applied Heck in the circumstances of a §1983

2  action claiming damages and equitable relief for a procedural defect in a prison's administrative

3  process, where the administrative action taken against the plaintiff could affect credits toward

4  release based on good-time served.  See Muhammad v. Close, 540 U.S. at 751.  In each instance,

5  conditioning the right to bring a § 1983 action on a favorable result in state litigation or federal

6  habeas served the practical objective of preserving limitations on the availability of habeas

7  remedies.  Id.

8          In this case, plaintiff does not allege that his disciplinary convictions have been

9  vacated, and accordingly his claims concerning the deprivation of due process in connection with

10  the convictions may not proceed under § 1983.

11         Moreover, while plaintiff does not specifically tell the court when he suffered the

12  convictions, his preamble reads that the actions described in the complaint took place between

13  November 1, 2007 and February 18, 2010.  ECF No. 19 at 2.  Any habeas claims would therefore

14  be time-barred, as the original complaint was not filed until May 2012, more than a year after the

15  statute of limitations expired on any habeas claims which accrued in, at the latest, February

16  2010.  See 28 U.S.C. § 2244(d)(1).

17         Even if plaintiff's due process challenges to the disciplinary convictions were not

18  time-barred, it is not clear the loss of credits in this case would have had any actual impact on

19  plaintiff, who appears to be serving an indeterminate sentence of 25 years to life.  See ECF No.

20  19 at 7.[1]

21  ////

22

23         [1]  In his original complaint, plaintiff wrote that his "release date" was June 27, 2006,
   before the events described in the original and amended complaints.  If in fact the June 2006 date
24  was plaintiff's "minimum eligible parole date," then plaintiff would appear to have no viable
   habeas claim, because the loss of credits would have had no actual impact on plaintiff.  See Cal.
25  Code Reg., title 15, § 3323(a) (credits are forfeited against any determinate term of
   imprisonment or any minimum eligible parole date for an inmate sentenced to a term of either 15
26  or 25 years-to life).

*Leave to Amend*

A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment. Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995), citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987). However, this liberality in granting leave to amend is subject to qualification:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.- the leave sought should, as the rules require, be 'freely given.'

Foman v. Davis, 371 U.S. 178, 182 (1962).

Futile amendments should not be permitted. See, e.g., DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 188 (9th Cir. 1987), quoting Klamath-Lake Pharmaceutical Ass'n v. Klamath Medical Service Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983). For example, leave to amend would be futile, and leave to amend properly denied, where a plaintiff's alleged facts, even if true, provide no basis for federal subject matter jurisdiction. See Orsay v. U.S. Dept. of Justice, 289 F.3d 1125, 1136 (9th Cir. 2002); Pink v. Modoc Indian Health Project, Inc., 157 F.3d 1185, 1189 (9th Cir. 1998); Cato v. U.S., 70 F.3d at 1110. See also Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 831 (1989) ("[28 U.S.C.] § 1653 speaks of amending 'allegations of jurisdiction,' which suggests that it addressed only incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves.")

In this case, as noted above, plaintiff's claims either fail to articulate a basis for federal jurisdiction or, at best, are time-barred. Plaintiff was additionally warned in the court's prior order about the deficiencies in his original complaint, and advised that no further amendments would be allowed. Plaintiff's complaint will accordingly be dismissed without

7

1 | leave to amend.  See 42 U.S.C. § 1997e(c).

2 |       Accordingly, IT IS HEREBY ORDERED that the amended complaint (ECF No.

3 | 19) is dismissed for the reasons discussed above, without leave to amend.

4 | DATED: February 27, 2013.

5 |

6 | _____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

7 |

8 |
AC:rb/howa1336.b2

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |